**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**CARMEN FANNIN,**

     **Plaintiffs,**

**v.**

                                No. 1:22-cv-00654

**JOHN SPENCE BARNEY, HARMAC**
**ENERGY SERVICES, LLC, and EVEREST**
**NATIONAL INSURANCE COMPANY**

     **Defendants.**

## NOTICE OF REMOVAL

COMES NOW, Harmac Energy Services, LLC, by and through its counsel of record, Priest & Miller, LLP (Ada B. Priest and Dominic B. Romero) and hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, and in support thereof, states as follows:

1.    Plaintiff Carmen Fannin ("Plaintiff") filed her Complaint for Negligence, Negligence Per Se, Personal Injuries and Damages ("Complaint") in the Fifth Judicial District, Eddy County, State of New Mexico, in Cause No. D-503-CV-2022-00333 (hereinafter "State Court Action") on June 9, 2022. (*See* Plaintiff's Complaint, attached hereto as Exhibit A).

2.    Plaintiff filed her Amended Complaint on July 22, 2022. (*See* Plaintiff's Amended Complaint, attached hereto as Exhibit B).

3.    In her Amended Complaint, Plaintiff alleges she was (and is) a resident of the State of New Mexico at the time of the accident. (*Id*. at ¶ 2).

4.    Plaintiff identified Defendants John Spence Barney, Harmac Energy Services, LLC, and Everest National Insurance Company as the Defendants in her Amended Complaint. (*Id*. at ¶ 3-6).

5.    Plaintiff asserts John Spence Barney is a resident of the State of Texas. (*Id*. at ¶ 3).

6.    Plaintiff asserts Harmac Energy Services, LLC is a Foreign Limited Liability Company incorporated in the State of Texas and doing business in the State of New Mexico. (*Id.* at ¶ 4).

7.    Plaintiff asserts Everest National Insurance Company is a foreign For-Profit Corporation doing business in and under the laws of the State of New Mexico. (*Id.* at ¶ 6).

8.    Harmac Energy Services, LLC is incorporated in the State of Texas and has its principal place of business in Texas. (*See* Business Corporation Information, attached hereto as Exhibit F).

9.    Diversity of citizenship is present in this matter as set forth in 28 U.S.C § 1332(a) and 28 U.S.C. § 1441(b)(2).

10.    Harmac Energy Services, LLC was served with the Amended Complaint on August 3, 2022. (*See* Exhibit C).

11.    Less than thirty (30) days have passed since Harmac Energy Services, LLC accepted service of the initial pleadings in this matter.

12.    As Harmac Energy Services, LLC has been served and it consents to removal in this matter, 28 U.S.C § 1446(b)(2)(A) and 28 U.S.C. § 1332(a) are satisfied.

13.    Pursuant to Plaintiff's allegations, and claims for damages, it is reasonably certain the amount in controversy exceeds $75,000.00 as set forth in 28 U.S.C. § 1332(a).

14.    This case may be removed to this Court by Harmac Energy Services, LLC pursuant to provisions of 28 U.S.C §§ 1441(b)(2) and 28 U.S.C § 1332(a).

15.    By and through this Notice of Removal, Harmac Energy Services, LLC removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C §§ 1332 and 1441.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

17.     Pursuant to 28 U.S.C § 1446(d), Harmac Energy Services, LLC is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit G.

18.     In addition to the Notice of Filing Notice of Removal in the State Court Action, Harmac Energy Services, LLC is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit H.

19.     Pursuant to 28 U.S.C § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

20.     A copy of the Register of Actions in State Court is attached as Exhibit E.

21.     A copy of an Entry of Appearance for Federal Court is attached as Exhibit I.

22.     A copy of Harmac Energy Services, LLC's Answer to the Amended Complaint for Federal Court is attached hereto as Exhibit J.

23.     A copy of a Jury Demand for Harmac Energy Services, LLC for Federal Court is attached hereto as Exhibit K.

24.     A Civil Cover Sheet for this Court is hereto attached as Exhibit L.

WHEREFORE, the removing Defendants give notice the above-styled action, which was pending in the Fifth Judicial District, Eddy County, State of New Mexico, in Cause No. D-503-CV-2022-00333 is removed to this Court.

Respectfully submitted,

**PRIEST & MILLER, LLP**

*/s/Dominic B. Romero*
Ada B. Priest
Dominic B. Romero
6100 Uptown Boulevard, NE
Suite 620
Albuquerque, New Mexico 87110
505-349-2300
Ada@PriestMillerLaw.com
Dominic@PriestMillerLaw.com
*Attorneys for Harmac Energy Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY the foregoing was served on the following counsel of record electronically through the CM/ECF File and Serve system on this 2nd day of September 2022:

Jennifer Armijo Hughes
Frank V. Balderrama
Balderrama Law Firm LLC
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
(505) 916-5076
jennifer@balderramalawfirm.com
frank@balderramalawfirm.com
*Attorneys for Plaintiff*


*/s/Dominic B. Romero*
Dominic B. Romero

FILED
5th JUDICIAL DISTRICT COURT
Eddy County
6/9/2022 1:44 PM
MARTHA HUEREQUE
CLERK OF THE COURT
Emilee I Gonzalez

**STATE OF NEW MEXICO**
**COUNTY OF EDDY**
**FIFTH JUDICIAL DISTRICT**

**CARMEN FANNIN,**

    **Plaintiff,**

                                  **Cause No.**   D-503-CV-2022-00333

**v.**                                Case assigned to Shuler-Gray, Jane

**JOHN SPENCE BARNEY, JACOB HUTCHINS,**
**HARMAC ENERGY SERVICES, LLC, and**
**SEDGWICK CLAIMS MANAGEMENT**
**SERVICES, INC.,**

    **Defendants.**

## COMPLAINT FOR NEGLIGENCE, NEGLIGENCE *PER SE*, PERSONAL INJURIES AND DAMAGES

COMES NOW the Plaintiff, CARMEN FANNIN, by and through her attorney of record, the BALDERRAMA LAW FIRM LLC (Frank V. Balderrama, Esq. and Jennifer Armijo Hughes, Esq.), and hereby submits her Complaint for Negligence, Negligence *Per Se*, Personal Injuries and Damages against Defendants, for her causes of action, states as follows:

### INTRODUCTION

1.    This action arises out of a motor vehicle collision that took place on August 6, 2019, at approximately 4:44 p.m. This collision occurred at the intersection of South Main Street and Mermod Street in the City of Carlsbad, County of Eddy, State of New Mexico.

### PARTIES, JURISDICTION and VENUE

EXHIBIT A

1

2.      At all times material hereto, Plaintiff CARMEN FANNIN (hereinafter referred to as either "Plaintiff Fannin" or "Ms. Fannin"), is a resident of the City of Carlsbad, County of Eddy, State of New Mexico.

3.      Upon information and belief, and at all times material hereto, Defendant JOHN SPENCE BARNEY was the driver of the vehicle that crashed into Plaintiff FANNIN's vehicle and is at least eighteen (18) years of age at the time of the filing of this Complaint, is a resident of the City of Carthage, State of Texas, and may be served with process at his home located in Carthage, Texas.

4.      Upon information and belief, and at all times material hereto, Defendant JACOB HUTCHINS was the policy holder of the vehicle Defendant JOHN SPENCE BARNEY was driving at the time of the wreck and is at least eighteen (18) years of age at the time of the filing of this Complaint, is a resident of the City of Carlsbad, State of New Mexico, and may be served with process at his home located in Carlsbad, New Mexico.

5.      Upon information and belief, and at all times material hereto, Defendant HARMAC ENERGY SERVICES, LLC (hereinafter individually referred to as "Defendant HARMAC"), is a Foreign Limited Liability Company, in good standing, existing for profit and incorporated in the State of Texas and doing business in the State of New Mexico.

6.      Defendant HARMAC ENERGY SERVICES, LLC maintains a self-selected statutory agent under New Mexico law for purposes of receiving service of process and for other corporate purposes.  Defendant HARMAC's corporate agent for all such purposes is Registered Agents Inc. and can be served with process at 530-B Harkle Road, Ste 100, Santa Fe, NM 87505.

7.      Upon information and belief, and at all times material hereto, Defendant SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. (hereinafter referred to as

2

"Defendant Sedgwick"), is a Foreign For Profit Corporation doing business in and under the laws of the State of New Mexico. Defendant Sedgwick may be served with process through the Office of Superintendent of Insurance, P.O. Box 1689, Santa Fe, New Mexico 87504-1689.

8.     At the time of the subject collision, and at all times material hereto, Defendant BARNEY was an employee and/or agent of Defendant HARMAC and was acting within the course and scope of his employment and/or agency.

9.     Defendant HARMAC is registered with US Department of Transportation under USDOT 3147989.

10.     All acts complained of herein occurred in the County of Eddy, City of Carlsbad, State of New Mexico.

11.     Jurisdiction and venue are proper in this Court pursuant to NMSA 1978, § 38-3-1(A).

## STATEMENT OF FACTS

12.     Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

13.     On August 6, 2019, at roughly 04:44 p.m., Plaintiff Fannin was traveling northbound on the outside lane of travel on South Main Street in Carlsbad, New Mexico.

14.     At the same approximate time, Decedent Barney was traveling northbound on the inside lane of travel on South Main Street.

15.     As Plaintiff Fannin was heading towards the intersection of Main Street and Mermod Street, Defendant Barney attempted to make a left turn into a business, drove into Plaintiff's Fannin's lane of travel and crashed into her vehicle.

16.     Plaintiff Fannin had the right-of-way at all times material prior to the collision.

17.     Following the collision, Defendant Barney told the attending Carlsbad Police Officer investigating the crash that he failed to see Plaintiff's vehicle and crashed into it.

18.     As a result of his investigation the investigating officer found Defendant Barney to be at fault for the collision and issued him a traffic citation for careless driving.

19.     As a result of the significant impact of the collision, Plaintiff Fannin's vehicle sustained substantial damage.

20.     Upon information and belief, at the time of the collision, Defendant Jacob Hutchins and Defendant Harmac were the policy holders of the vehicle Defendant John Spence Barney was driving, which was insured by Defendant Sedgwick Claims Management Services, Inc., pursuant to the New Mexico Mandatory Financial Responsibility Act, NMSA 1978, § 66-5-208 (1983).

21.     As a result of the negligent acts and/or omissions of Defendants, Plaintiff Fannin sustained injuries and damages to her back, neck, shoulder, knee, and hip which resulted in Ms. Fannin seeking immediate medical attention, as well as subsequent medical treatment in the months following the collision.

22.     As a further result of the negligent acts and/or omissions of the Defendants, Plaintiff Fannin suffered injuries and damages all in an amount not presently determinable, but to be proven at the time of trial.

23.     The injuries sustained by the Plaintiff were of a permanent and debilitating nature which caused and may continue to cause life-long pain and suffering and the inability to perform daily activities as before.

24.     Plaintiff suffered and continues to suffer from the injuries she sustained due to the negligence of the Defendants without any contributing cause to the Plaintiff.

25.     These damages include, but are not limited to property damage, pain and suffering, loss of enjoyment of life, and medical bills.

### FIRST CAUSE OF ACTION
### NEGLIGENCE AND NEGLIGENCE PER SE

26.     Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

27.     Defendants owed a duty to exercise ordinary care in connection with the ownership, operations, and maintenance of the vehicle Defendant Barney was driving at the time of the collision.

28.     Defendants were responsible for the maintenance, repair, inspection, and upkeep of the vehicle involved in the subject collision.

29.     At all times material hereto, Defendants breached their duties to the Plaintiff and such breaches constitute negligence, gross negligence, and violations of State regulations which proximately caused injuries and damages to the Plaintiff.

30.     The Defendants' negligent acts and or omissions include, but are not limited to, the following:

a.   Failing to keep a proper lookout;

b.   Failure to yield the right of way;

c.   Failing to make a timely application of the brakes or to otherwise control speed;

d.   Improper and unsafe handling of a motor vehicle;

e.   Allowing for the operation of a motor vehicle while the drivers ability or alertness is so impaired, through fatigue, illness or any other cause, so as to make it unsafe for him to begin or continue to operate the motor vehicle; and

      f.   Violations of the New Mexico Transportation Code;

31.    New Mexico Statutes and regulations were in place and in effect in New Mexico which prescribed certain actions and defined certain conduct of which Defendants violated by some of the actions as described above.

32.    Plaintiff Fannin was in a class of persons sought to be protected by these certain New Mexico Statutes and regulations.

33.    As a result, the harm and/or injuries sustained by Plaintiff Fannin were generally the type of harm and injuries the New Mexico legislature, through the statute, sought to prevent.

34.    The negligence of Defendants, as described above, is and was a proximate cause of the subject collision on August 6, 2019, and subsequent injuries sustained by Plaintiff Fannin.

35.    As a further direct and proximate result of Defendants' negligent, intentional, and/or reckless acts and/or omissions, Plaintiff suffered physical, emotional, and psychological pain and suffering all in an amount not presently determinable, but to be proven at the time of trial.

36.    The injuries and damages sustained by the Plaintiff, past, present, and future were, are and will be due to the negligent, intentional, and reckless acts and omissions of the Defendants without any contributing negligence on the part of the Plaintiff.

### SECOND CAUSE OF ACTION
### NEW MEXICO MANDATORY FINANCIAL RESPONSIBILITY ACT
### NMSA 1978, § 66-5-208 (1983)

37.    Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

38.     The New Mexico Mandatory Financial Responsibility Act, NMSA 1978, § 66-5-208 (1983), as mandated by the legislature, requires owners and operators of motor vehicles to either insure against liability with a minimum policy limit of $25,000.00 for the bodily injury or death of one person, $50,000.00 for the bodily injury or death of two or more persons, and $10,000.00 for property damage, or to post a surety bond or cash deposit of $60,000.00.

39.     The legislative purpose of this Act was to benefit the public by requiring and encouraging residents of the State of New Mexico who own and operate motor vehicles upon the highways of the State to have the ability to respond in damages to accidents arising out of the use and operation of a motor vehicle. It is the intent of the legislature that the risks and financial burdens of motor vehicle accidents be equitably distributed among all owners and operators of motor vehicles within the State.

40.     No language in the Mandatory Financial Responsibility Act expresses an intent to deny joinder of an allegedly negligent tortfeasor's insurance company as a party defendant, therefore, joinder must be permitted.

41.     Plaintiff Fannin has a direct claim against Defendant Sedgwick Claims Management Services, Inc. under the New Mexico Mandatory Financial Responsibility Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court for judgment against Defendants for all compensatory damages; damages for pain and suffering; hedonic damages; pre- and post-judgment interest; attorney fees and costs; any and all other damages allowed under the law of the State of New Mexico, and all other relief that the Court deems just and proper.

Respectfully submitted,

BALDERRAMA LAW FIRM LLC


*/s/Jennifer Armijo Hughes*
Frank V. Balderrama, Esq.
Jennifer Armijo Hughes, Esq.
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
(505) 916-5076 – *telephone*
(505) 433-2384 – *facsimile*
*Attorneys for the Plaintiff*

FILED
5th JUDICIAL DISTRICT COURT
Eddy County
7/22/2022 2:07 PM
MARTHA HUEREQUE
CLERK OF THE COURT
Jessica Minner

**STATE OF NEW MEXICO**
**COUNTY OF EDDY**
**FIFTH JUDICIAL DISTRICT**

**CARMEN FANNIN,**

      **Plaintiff,**

                                       **Cause No. D-503-CV-2022-00333**

**v.**

**JOHN SPENCE BARNEY, HARMAC**
**ENERGY SERVICES, LLC, and EVEREST**
**NATIONAL INSURANCE COMPANY,**

      **Defendants.**

## AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE *PER SE*, PERSONAL INJURIES AND DAMAGES

COMES NOW the Plaintiff, CARMEN FANNIN, by and through her attorney of record, the BALDERRAMA LAW FIRM LLC (Frank V. Balderrama, Esq. and Jennifer Armijo Hughes, Esq.), and hereby submits her Complaint for Negligence, Negligence *Per Se*, Personal Injuries and Damages against Defendants, for her causes of action, states as follows:

## INTRODUCTION

1.    This action arises out of a motor vehicle collision that took place on August 6, 2019, at approximately 4:44 p.m. This collision occurred at the intersection of South Main Street and Mermod Street in the City of Carlsbad, County of Eddy, State of New Mexico.

## PARTIES, JURISDICTION and VENUE

EXHIBIT B

1

2.     At all times material hereto, Plaintiff CARMEN FANNIN (hereinafter referred to as either "Plaintiff Fannin" or "Ms. Fannin"), is a resident of the City of Carlsbad, County of Eddy, State of New Mexico.

3.     Upon information and belief, and at all times material hereto, Defendant JOHN SPENCE BARNEY was the driver of the vehicle that crashed into Plaintiff FANNIN's vehicle and is at least eighteen (18) years of age at the time of the filing of this Complaint, is a resident of the City of Carthage, State of Texas, and may be served with process at his home located in Carthage, Texas or through his attorney, Dominic Romero, Priest & Miller LLP.

4.     Upon information and belief, and at all times material hereto, Defendant HARMAC ENERGY SERVICES, LLC (hereinafter individually referred to as "Defendant HARMAC"), is a Foreign Limited Liability Company, in good standing, existing for profit and incorporated in the State of Texas and doing business in the State of New Mexico.

5.     Defendant HARMAC ENERGY SERVICES, LLC maintains a self-selected statutory agent under New Mexico law for purposes of receiving service of process and for other corporate purposes.  Defendant HARMAC's corporate agent for all such purposes is Registered Agents Inc. and can be served with process at 530-B Harkle Road, Ste 100, Santa Fe, NM 87505.

6.     Upon information and belief, and at all times material hereto, Defendant EVEREST NATIONAL INSURANCE COMPANY (hereinafter referred to as "Defendant Everest"), is a Foreign For Profit Corporation doing business in and under the laws of the State of New Mexico. Defendant Everest may be served with process through the Office of Superintendent of Insurance, P.O. Box 1689, Santa Fe, New Mexico 87504-1689.

7.     At the time of the subject collision, and at all times material hereto, Defendant BARNEY was an employee and/or agent of Defendant HARMAC and was acting within the course and scope of his employment and/or agency.

8.     Defendant HARMAC is registered with US Department of Transportation under USDOT 3147989.

9.     All acts complained of herein occurred in the County of Eddy, City of Carlsbad, State of New Mexico.

10.    Jurisdiction and venue are proper in this Court pursuant to NMSA 1978, § 38-3-1(A).

## STATEMENT OF FACTS

11.    Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

12.    On August 6, 2019, at roughly 04:44 p.m., Plaintiff Fannin was traveling northbound on the outside lane of travel on South Main Street in Carlsbad, New Mexico.

13.    At the same approximate time, Defendant Barney was traveling northbound on the inside lane of travel on South Main Street.

14.    As Plaintiff Fannin was heading towards the intersection of Main Street and Mermod Street, Defendant Barney attempted to make a left turn into a business, drove into Plaintiff's Fannin's lane of travel and crashed into her vehicle.

15.    Plaintiff Fannin had the right-of-way at all times material prior to the collision.

16.    Following the collision, Defendant Barney told the attending Carlsbad Police Officer investigating the crash that he failed to see Plaintiff's vehicle and crashed into it.

3

17.     As a result of his investigation the investigating officer found Defendant Barney to be at fault for the collision and issued him a traffic citation for careless driving.

18.     As a result of the significant impact of the collision, Plaintiff Fannin's vehicle sustained substantial damage.

19.     Upon information and belief, at the time of the collision, Defendant Harmac was the policy holder of the vehicle Defendant John Spence Barney was driving, which was insured by Defendant Everest National Insurance Company, pursuant to the New Mexico Mandatory Financial Responsibility Act, NMSA 1978, § 66-5-208 (1983).

20.     As a result of the negligent acts and/or omissions of Defendants, Plaintiff Fannin sustained injuries and damages to her back, neck, shoulder, knee, and hip which resulted in Ms. Fannin seeking immediate medical attention, as well as subsequent medical treatment in the months following the collision.

21.     As a further result of the negligent acts and/or omissions of the Defendants, Plaintiff Fannin suffered injuries and damages all in an amount not presently determinable, but to be proven at the time of trial.

22.     The injuries sustained by the Plaintiff were of a permanent and debilitating nature which caused and may continue to cause life-long pain and suffering and the inability to perform daily activities as before.

23.     Plaintiff suffered and continues to suffer from the injuries she sustained due to the negligence of the Defendants without any contributing cause to the Plaintiff.

24.     These damages include, but are not limited to property damage, pain and suffering, loss of enjoyment of life, and medical bills.

**FIRST CAUSE OF ACTION**

## NEGLIGENCE AND NEGLIGENCE PER SE

25.     Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

26.     Defendants owed a duty to exercise ordinary care in connection with the ownership, operations, and maintenance of the vehicle Defendant Barney was driving at the time of the collision.

27.     Defendants were responsible for the maintenance, repair, inspection, and upkeep of the vehicle involved in the subject collision.

28.     At all times material hereto, Defendants breached their duties to the Plaintiff and such breaches constitute negligence, gross negligence, and violations of State regulations which proximately caused injuries and damages to the Plaintiff.

29.     The Defendants' negligent acts and or omissions include, but are not limited to, the following:

a.   Failing to keep a proper lookout;

b.   Failure to yield the right of way;

c.   Failing to make a timely application of the brakes or to otherwise control speed;

d.   Improper and unsafe handling of a motor vehicle;

e.   Allowing for the operation of a motor vehicle while the drivers ability or alertness is so impaired, through fatigue, illness or any other cause, so as to make it unsafe for him to begin or continue to operate the motor vehicle; and

f.   Violations of the New Mexico Transportation Code;

30.     New Mexico Statutes and regulations were in place and in effect in New Mexico which prescribed certain actions and defined certain conduct of which Defendants violated by some of the actions as described above.

31.     Plaintiff Fannin was in a class of persons sought to be protected by these certain New Mexico Statutes and regulations.

32.     As a result, the harm and/or injuries sustained by Plaintiff Fannin were generally the type of harm and injuries the New Mexico legislature, through the statute, sought to prevent.

33.     The negligence of Defendants, as described above, is and was a proximate cause of the subject collision on August 6, 2019, and subsequent injuries sustained by Plaintiff Fannin.

34.     As a further direct and proximate result of Defendants' negligent, intentional, and/or reckless acts and/or omissions, Plaintiff suffered physical, emotional, and psychological pain and suffering all in an amount not presently determinable, but to be proven at the time of trial.

35.     The injuries and damages sustained by the Plaintiff, past, present, and future were, are and will be due to the negligent, intentional, and reckless acts and omissions of the Defendants without any contributing negligence on the part of the Plaintiff.

## SECOND CAUSE OF ACTION
## NEW MEXICO MANDATORY FINANCIAL RESPONSIBILITY ACT
## NMSA 1978, § 66-5-208 (1983)

36.     Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

37.     The New Mexico Mandatory Financial Responsibility Act, NMSA 1978, § 66-5-208 (1983), as mandated by the legislature, requires owners and operators of motor vehicles to

either insure against liability with a minimum policy limit of $25,000.00 for the bodily injury or death of one person, $50,000.00 for the bodily injury or death of two or more persons, and $10,000.00 for property damage, or to post a surety bond or cash deposit of $60,000.00.

38.     The legislative purpose of this Act was to benefit the public by requiring and encouraging residents of the State of New Mexico who own and operate motor vehicles upon the highways of the State to have the ability to respond in damages to accidents arising out of the use and operation of a motor vehicle. It is the intent of the legislature that the risks and financial burdens of motor vehicle accidents be equitably distributed among all owners and operators of motor vehicles within the State.

39.     No language in the Mandatory Financial Responsibility Act expresses an intent to deny joinder of an allegedly negligent tortfeasor's insurance company as a party defendant, therefore, joinder must be permitted.

40.     Plaintiff Fannin has a direct claim against Defendant Everest National Insurance Company under the New Mexico Mandatory Financial Responsibility Act.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for judgment against Defendants for all compensatory damages; damages for pain and suffering; hedonic damages; pre- and post-judgment interest; attorney fees and costs; any and all other damages allowed under the law of the State of New Mexico, and all other relief that the Court deems just and proper.


Respectfully submitted,

BALDERRAMA LAW FIRM LLC

_/s/Jennifer Armijo Hughes_
Frank V. Balderrama, Esq.
Jennifer Armijo Hughes, Esq.
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
(505) 916-5076 – _telephone_
(505) 433-2384 – _facsimile_
_Attorneys for the Plaintiff_

8

FILED
5th JUDICIAL DISTRICT COURT
Eddy County
8/8/2022 1:22 PM
MARTHA HUEREQUE
CLERK OF THE COURT
Jessica Minner

### ALIAS SUMMONS

| | |
|---|---|
| District Court: FIFTH JUDICIAL<br>EDDY County, New Mexico<br>Court Address:<br>Eddy County Courthouse<br>102 N. Canal, Suite 240<br>Carlsbad, NM 88220<br>Court Telephone No.: (575) 885-4740 | Case Number: D-503-CV-2022-00333<br><br>Assigned Judge:<br>The Honorable Jane Shuler-Gray |
| Carmen Fannin<br>Plaintiff,<br>v.<br>John Spence Barney, Harmac Energy Services,<br>LLC, and Everest National Insurance Company,<br>Defendants. | Defendant:<br><br>Harmac Energy Services, LLC<br>c/o Registered Agents Inc.<br>530-B Harkle Road, Ste 100<br>Santa Fe, NM 87505 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _Carlsbad_____, New Mexico, this _29_ day of _July_____, 2022 .

MARTHA HUERUQUE
CLERK OF DISTRICT COURT

By: _____
Deputy

_/s/Jennifer Armijo Hughes___
FRANK V. BALDERRAMA
JENNIFER ARMIJO HUGHES
*Attorneys for the Plaintiff*
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
Phone: (505) 900-3834
Fax: (505) 433-2384
jennifer@balderramalawfirm.com

EXHIBIT C

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF Bernalillo  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this
lawsuit, and that I served this summons in Santa Fe county on the 3rd day of
August , 2022, by delivering a copy of this summons and amended complaint, attached, in
the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons
and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when
service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

[ ]   to _____ , a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____ , (*used when the defendant is not presently at
place of abode*) and by mailing by first class mail to the defendant at _____ (*insert
defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____ , the person apparently in charge at the actual place of business
or employment of the defendant and by mailing by first class mail to the defendant at
_____ (*insert defendant's business address*) and by mailing the summons and
complaint by first class mail to the defendant at _____ (*insert defendant's last known
mailing address*).
                                        — CERTIFIED MAIL
[ ]   to Registered Agents Inc. an agent authorized to receive service of process for
defendant Harmack Energy Services

[ ]   to _____ , [parent] [guardian] [custodian] [conservator] [guardian ad litem] of
defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ *(name of person)*, _____ , *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

### USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Harmac Energy Service LLC
c/o Registered Agents Inc.
530 B Harkle Road, Ste 100
Santa Fe, NM 87505

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7233 1284 6782 23

2. Article Number *(Transfer from service label)*

7021 0350 0000 8537 6315

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by *(Printed Name)*  C. Date of Delivery
8-3-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053  Domestic Return Receipt

---

USPS TRACKING #

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7233 1284 6782 23

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

Sender: Please print your name, address, and ZIP+4® in this box



BALDERRAMA LAW FIRM, LLC
7401 Hancock Ct. NE, Suite B
Albuquerque, NM 87109

# STATE OF NEW MEXICO
# OFFICE OF SUPERINTENDENT OF INSURANCE

FILED
5th JUDICIAL DISTRICT COURT
Eddy County
8/25/2022 2:26 PM
MARTHA HUEREQUE
CLERK OF THE COURT
Naomi Jacquez

# CERTIFICATE

STATE OF NEW MEXICO
COUNTY OF EDDY
FIFTH JUDICIAL DISTRICT

CARMEN FANNIN
Plaintiff,

v.                                                    D-503-CV-2022-00333

JOHN SPENCE BARNEY, HARMAC ENERGY SERVICES, LLC, AND EVEREST
NATIONAL INSURANCE COMPANY
Defendants,

## ACCEPTANCE OF SERVICE

I, Russell Toal, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Complaint and Summons was served on Everest National Insurance Company on 8/2/2022 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on 8/8/2022 confirmed by Postmaster return receipt.



In Witness Whereof, I have hereunto set my official seal on August 16, 2022.

Superintendent of Insurance

EXHIBIT D                                                          2822

# REGISTER OF ACTIONS
## CASE NO. D-503-CV-2022-00333

| | | |
|---|---|---|
| Carmen Fannin v. John Spence Barney, et. al. | § <br> § <br> § <br> § <br> § <br> § | Case Type: **Tort Auto** <br> Date Filed: **06/09/2022** <br> Location: <br> Judicial Officer: **Shuler-Gray, Jane** |

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **Barney, John Spence** | |
| **Defendant** | **Everest National Insurance Company C/O Office of Superintendent of Insurance** <br> P.O. Box 1689 <br> Santa Fe, NM 87504 | |
| **Defendant** | **Harmac Energy Services, LLC** | |
| **Defendant** | **Hutchins, Jacob** | |
| **Defendant** | **Sedgwick Claims Management Services, Inc.** | |
| **Plaintiff** | **Fannin, Carmen** | Jennifer Armijo Hughes <br> *Retained* <br> 505-900-3834(W) <br><br> Frank V. Balderrama <br> *Retained* <br> 575-243-1111(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 06/09/2022 | **Cause Of Actions** | Tort: Personal Injury Auto | | |
| | Action Type | Action | | |
| 06/09/2022 | **OPN: COMPLAINT** | | | |
| | *Complaint for Negligence, Negligence Per Se, Personal Injuries and Damages_Carmen Fannin* | | | |
| 06/10/2022 | **Summons** | | | |
| | Harmac Energy Services, LLC | Served | 08/03/2022 | |
| | | Response Due | 09/02/2022 | |
| | | Returned | 08/08/2022 | |
| | Sedgwick Claims Management Services, Inc. | Unserved | | |
| | Fannin, Carmen | Unserved | | |
| | Hutchins, Jacob | Unserved | | |
| 06/15/2022 | **Alias Summons** | | | |
| | Sedgwick Claims Management Services, Inc. | Unserved | | |
| 07/22/2022 | **AMENDED COMPLAINT** | | | |
| | *for negligence, negligence per se, personal injuries and damages* | | | |
| 07/29/2022 | **Alias Summons** | | | |
| | Barney, John Spence | Unserved | | |
| | Everest National Insurance Company C/O Office of Superintendent of Insurance | Unserved | | |
| | Harmac Energy Services, LLC | Unserved | | |
| 08/08/2022 | **RETURN OF SERVICE** | | | |
| | *Harmac Energy Services, LLC* | | | |
| 08/25/2022 | **ACCEPTANCE OF SERVICE** | | | |
| | *Acceptance of Service_Everest National Insurance Co.* | | | |

---

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff** Fannin, Carmen | |
| Total Financial Assessment | 132.00 |
| Total Payments and Credits | 132.00 |
| **Balance Due as of 09/02/2022** | **0.00** |

EXHIBIT E

| 06/09/2022 | Transaction Assessment | | | 132.00 |
| 06/09/2022 | File & Serve Payment | Receipt # CARD-2022-1667 | Fannin, Carmen | (132.00) |

HOME

# Search Information

 Home

**Entity Details**

| | | | |
|---|---|---|---|
| Business ID#: | **5666112** | Status: | **Active** |
| Entity Name: | **HARMAC Energy Services, LLC** | Standing: | **Good Standing** |
| DBA Name: | | | |

**Entity Type and State of Domicile**

| | | | |
|---|---|---|---|
| Entity Type: | **Foreign Limited Liability Company** | State of Incorporation: | **Texas** |
| Statute Law Code: | **53-19-1 to 53-19-74** | | |

**Formation Dates**

| | | | |
|---|---|---|---|
| Date of Incorporation in NM: | **Not Applicable** | Date of Organization in NM: | **Not Applicable** |
| Date of Formation in State of Domicile: | **05/03/2017** | Date of Authority in NM: | **Not Applicable** |
| Date of Registration in NM: | **05/02/2018** | Management Type: | **Manager Managed** |

**Reporting Information**

| | | | |
|---|---|---|---|
| Report Due Date: | **Not Applicable** | Next Annual Meeting Date: | **Not Applicable** |
| Suspension Expiration Date: | | | |

**Period of Existence and Purpose and Character of Affairs**

| | |
|---|---|
| Period of Duration: | |
| Business Purpose: | |
| Character Of Affairs: | |

**Outstanding Items**

Not Applicable

**Registered Agent:**

No Records Found.

**License:**

No Records Found.

EXHIBIT F

**Contact Information**

| | |
|---|---|
| Mailing Address: | |
| Principal Place of Business Anywhere: | **1008 Southview Cr., Center, TX 75935** |
| Secondary Principal Place of Business Anywhere: | |
| Principal Office Outside of New Mexico: | **Not Applicable** |
| Registered Office in State of Incorporation: | |
| Principal Place of Business in Domestic State/ Country: | |
| Principal Office Location in NM: | **Not Applicable** |

**Registered Agent Information**

| | |
|---|---|
| Name: | **Registered Agents Inc** |
| Geographical Location Address: | |

| | | | |
|---|---|---|---|
| Physical Address: | **530-B HARKLE ROAD, STE 100, Santa Fe, NM 87505** | Mailing Address: | **30 N Gould STE R, Sheridan, WY 82801** |
| Date of Appointment: | **05/02/2018** | Effective Date of Resignation: | |

**Director Information**

**Not Applicable**

**Officer Information**

**Not Applicable**

**Manager Information**

| Title | Name | Address |
|---|---|---|
| Manager | Dustin Bailey | NONE |

**Member Information**

No Records to View.

**Organizer Information**

No Records to View.

**Incorporator Information**

**Not Applicable**

**Trustee Information**

**Not Applicable**

**Filing History**

| Filing Date | Filing Type | Fiscal Year End Date | Post Mark | Survivor/ Re-Domesticated Entity | Instrument Text | Processed Date | Filing # |
|---|---|---|---|---|---|---|---|
| 05/02/2018 | Business Formation | 12/31/2018 | | | | 05/10/2018 | 1847994 |

**License History**

| Filing Date | Filing Number | License Start Date | License End Date |
|---|---|---|---|
| | | No records to view. | |

Back   Entity Name History   Return to Search

**STATE OF NEW MEXICO**
**COUNTY OF EDDY**
**FIFTH JUDICIAL DISTRICT**

**CARMEN FANNIN,**

      **Plaintiffs,**

**v.**                                     **Case No.: D-503-CV-2022-00333**

**JOHN SPENCE BARNEY, HARMAC**
**ENERGY SERVICES, LLC, and EVEREST**
**NATIONAL INSURANCE COMPANY**

      **Defendants.**

## <u>NOTICE OF FILING OF REMOVAL</u>

PLEASE TAKE NOTICE that Harmac Energy Services, LLC by and through its counsel of record, Priest & Miller, LLP (Ada B. Priest and Dominic B. Romero), has filed a Notice of Removal in the United States District Court for the District of New Mexico.  A true and correct copy of the Notice of Removal is attached to this Notice as Exhibit "1" and was electronically mailed to:

Frank V. Balderrama
Jennifer Armijo Hughes
7401 Hancock Ct NE, Suite B
Albuquerque, NM 87109
(505) 900-3834
frank@balderramalawfirm.com
Jennifer@balderramalawfirm.com
*Attorneys for Plaintiff*

Respectfully submitted,

**PRIEST & MILLER, LLP**

*/s/Dominic B. Romero*
Ada B. Priest
Dominic B. Romero
6100 Uptown Boulevard, NE
Suite 620
Albuquerque, New Mexico 87110
505-349-2300
Ada@PriestMillerLaw.com
Dominic@PriestMillerLaw.com
*Attorneys for Harmac Energy Services,*
*LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing was served on the following counsel of record via the Odyssey filing system and on this 2nd day of September 2022:

Jennifer Armijo Hughes
Frank V. Balderrama
Balderrama Law Firm LLC
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
(505) 916-5076
jennifer@balderramalawfirm.com
frank@balderramalawfirm.com
*Attorneys for Plaintiff*


*/s/Dominic B. Romero*
Dominic B. Romero

**STATE OF NEW MEXICO**
**COUNTY OF EDDY**
**FIFTH JUDICIAL DISTRICT**

**CARMEN FANNIN,**

    **Plaintiffs,**

**v.**                                                                      **Case No.: D-503-CV-2022-00333**

**JOHN SPENCE BARNEY, HARMAC**
**ENERGY SERVICES, LLC, and EVEREST**
**NATIONAL INSURANCE COMPANY**

    **Defendants.**

<u>**ENTRY OF APPEARANCE**</u>

    Priest & Miller, LLP (Ada B. Priest and Dominic B. Romero), hereby enters their

appearance on behalf of Sedgwick Claims Management Services, Inc.  Copies of all documents

pertaining to litigation in this matter should be sent to the undersigned attorneys.

                    Respectfully submitted,

                    **PRIEST & MILLER, LLP**

                    */s/ Ada B. Priest*
                    Ada B. Priest
                    Dominic B. Romero
                    6100 Uptown Boulevard, NE
                    Suite 620
                    Albuquerque, New Mexico 87110
                    505-349-2300
                    Ada@PriestMillerLaw.com
                    Dominic@PriestMillerLaw.com
                    *Attorneys for Sedgwick Claims*
                    *Management Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY the foregoing was served on the following counsel of record via the Odyssey filing system and on this 21st day of July 2022:

Frank V. Balderrama, Esq.
Jennifer Armijo Hughes, Esq.
Balderrama Law Firm LLC
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
*Attorneys for Plaintiffs*


*/s/ Ada B. Priest*
Ada B. Priest

**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CARMEN FANNIN,**

     **Plaintiffs,**

**v.**                                                                          **No.**

**JOHN SPENCE BARNEY, HARMAC
ENERGY SERVICES, LLC, and EVEREST
NATIONAL INSURANCE COMPANY**

     **Defendants.**

**<u>ENTRY OF APPEARANCE</u>**

Priest & Miller, LLP (Ada B. Priest and Dominic B. Romero), hereby enters their appearance on behalf Harmac Energy Services, LLC.  Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

Respectfully submitted,

**PRIEST & MILLER, LLP**

*/s/Dominic B. Romero*
Ada B. Priest
Dominic B. Romero
6100 Uptown Boulevard, NE
Suite 620
Albuquerque, New Mexico 87110
505-349-2300
Ada@PriestMillerLaw.com
Dominic@PriestMillerLaw.com
*Attorneys for Harmac Energy Services, LLC*

EXHIBIT I

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY the foregoing was served on the following counsel of record electronically through the CM/ECF File and Serve system on this 2nd day of September 2022:

Jennifer Armijo Hughes
Frank V. Balderrama
Balderrama Law Firm LLC
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
(505) 916-5076
jennifer@balderramalawfirm.com
frank@balderramalawfirm.com
*Attorneys for Plaintiff*


*/s/Dominic B. Romero*
Dominic B. Romero

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CARMEN FANNIN,**

  **Plaintiffs,**

**v.**              **No.**

**JOHN SPENCE BARNEY, HARMAC
ENERGY SERVICES, LLC, and EVEREST
NATIONAL INSURANCE COMPANY**

  **Defendants.**

## HARMAC ENERGY SERVICES, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, PERSONAL INJURIES AND DAMAGES

Harmac Energy Services, LLC (hereinafter "Harmac") by and through its counsel, Priest & Miller, LLP (Ada B. Priest and Dominic B. Romero), and for its Answer to Plaintiff's Amended Complaint for Negligence, Negligence Per Se, Personal Injuries and Damages (hereinafter "Complaint"), states as follows.

## INTRODUCTION

1.  The allegations contained in Paragraph 1 of Plaintiff's Complaint are conclusory statements to which no response is necessary.  To the extent a response is required, Harmac admits only the complaint references an accident that occurred in Carlsbad, New Mexico on or about August 6, 2019.  Harmac denies any allegation or inference that is inconsistent with this response.

EXHIBIT J

## PARTIES, JURISDICTION and VENUE

2.      Harmac is without information sufficient to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent these allegations may be construed against Harmac, said allegations are denied.

4.      In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Harmac admits it is a Texas corporation doing business in the State of New Mexico.  Harmac denies any allegation or inference contained in this Paragraph that is inconsistent with this response.

5.      Harmac admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

7.      In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint, Harmac states that New Mexico law regarding agency speaks for itself.  Harmac admits only that Defendant Barney was an employee on or about August 6, 2019.  Harmac specifically denies any allegation or inference contained in this Paragraph that is inconsistent with this response.

8.      Harmac admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Harmac admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    The allegations contained in paragraph 10 are legal conclusions and require no response.  To the extent the allegations may be construed against Harmac, said allegations are denied.

## STATEMENT OF FACTS

11.    Harmac incorporates the answers contained in Paragraphs 1 through 10 as though fully set forth herein.

12.    The allegations contained in Paragraph 12 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

13.    The allegations contained in Paragraph 13 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

14.    The allegations contained in Paragraph 14 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

15.    The allegations contained in Paragraph 15 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

18.     The allegations contained in Paragraph 18 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

19.     With respect to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Harmac admits the vehicle Mr. Barney was driving was insured by Everest National Insurance Company.  Harmac is without information sufficient to either admit or deny the remaining allegations and therefore denies the same and demands strict proof thereof.

20.     With respect to the allegations contained in Paragraph 20 of Plaintiff's Complaint and directed to Harmac, said allegations are denied and strict proof thereof is demanded.  Harmac denies any allegation or inference contained in this paragraph that is inconsistent with this response.

21.     With respect to the allegations contained in Paragraph 21 of Plaintiff's Complaint and directed to Harmac, said allegations are denied and strict proof thereof is demanded.  Harmac

denies any allegation or inference contained in this paragraph that is inconsistent with this response.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

## **FIRST CAUSE OF ACTION**

## **NEGLIGENCE AND NEGLIGENCE PER SE**

25.     Harmac incorporates the answers contained in Paragraphs 1 through 24 as though fully set forth herein.

26.     In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, and directed to Harmac, Harmac states the law in New Mexico with respect to "duty" speaks for itself.  Harmac denies it breached any duty owed to Plaintiff or that plaintiff suffered any injuries or damages as a result of any act or omission attributable to Harmac.  Harmac denies any allegation

or inference contained in this paragraph that is inconsistent with this response and demands strict proof thereof.

27.     With respect to the allegations contained in Paragraph 27 of Plaintiff's Complaint and directed to Harmac, Harmac states Plaintiff's allegations are subject to varying interpretations. As such, Harmac admits only it was a company vehicle involved in the accident at issue.  Harmac denies any allegation or inference contained in this paragraph that is inconsistent with this response.

28.     With respect to the allegations contained in Paragraph 28 of Plaintiff's Complaint and directed to Harmac, Harmac denies said allegations and demands strict proof thereof.

29.     With respect to the allegations contained in Paragraph 29 of Plaintiff's Complaint and directed to Harmac, including subparts, Harmac denies said allegations and demands strict proof thereof.

30.     With respect to the allegations contained in Paragraph 30 of Plaintiff's Complaint and directed to Harmac, Harmac denies said allegations and demands strict proof thereof.

31.     The allegations contained in Paragraph 31 of Plaintiff's Complaint contain conclusory statements to which no response is necessary.  To the extent a response is required, Harmac is without information sufficient to admit or deny said allegations and therefore denies the same and demands strict proof thereof.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint contain conclusory statements to which no response is necessary.  To the extent a response is required, Harmac is without information sufficient to admit or deny said allegations and therefore denies the same and demands strict proof thereof.

33.     With respect to the allegations contained in Paragraph 33 of Plaintiff's Complaint and directed to Harmac, Harmac denies said allegations and demands strict proof thereof.

34.     With respect to the allegations contained in Paragraph 34 of Plaintiff's Complaint and directed to Harmac, Harmac denies said allegations and demands strict proof thereof.

35.     With respect to the allegations contained in Paragraph 35 of Plaintiff's Complaint and directed to Harmac, Harmac denies said allegations and demands strict proof thereof.

## SECOND CAUSE OF ACTION

## NEW MEXICO MANDATORY FINANCIAL RESPONSIBILITY ACT
## NMSA 1978 §66-5-208(1983)

36.     Harmac incorporates the answers contained in Paragraphs 1 through 35 as though fully set forth herein.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint state a legal conclusion to which no response is necessary.  To the extent a response is required, Harmac states the New Mexico Mandatory Responsibility Act speaks for itself.  Harmac specifically denies any allegations or inference contained in this paragraph that is inconsistent with this response and demands strict proof thereof.

38.     The allegations contained in Paragraph 38 of Plaintiff's Complaint state a legal conclusion to which no response is necessary.  To the extent a response is required, Harmac states the legislative purpose underlying the New Mexico Mandatory Responsibility Act speaks for itself.  Harmac specifically denies any allegations or inference contained in this paragraph that is inconsistent with this response and demands strict proof thereof.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint state a legal conclusion to which no response is necessary.  To the extent a response is required, Harmac states the New Mexico Mandatory Responsibility Act speaks for itself.  Harmac specifically denies any

allegations or inference contained in this paragraph that is inconsistent with this response and demands strict proof thereof.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint are directed to a party other than Harmac and as such, no response is necessary.  To the extent a response is required, Harmac states it is without information sufficient to admit or deny said allegations and therefore denies the same and demands strict proof thereof.

## PRAYER FOR RELIEF

With respect to the allegations contained in the unenumerated WHEREFORE Paragraph, including subparts, and directed to Harmac, Harmac denies plaintiffs' prayer or that plaintiffs are entitled to recover against Harmac and demands strict proof thereof.

## GENERAL DENIAL

All allegations of the Amended Complaint not expressly admitted in this Answer are denied.

## DENIAL REGARDING JURISDICTION AND VENUE

At present, insufficient evidence is available as to facts that would allow determination of whether jurisdiction and venue are proper in this case.  Thus, Harmac denies these allegations are proper at this time and preserves all defenses it may have in that regard.

## AFFIRMATIVE DEFENSES

1.     As a separate and alternative affirmative defense, Harmac states that some or all of the claims contained in Plaintiff's Complaint fail to state a claim upon which relief can be granted as to Harmac.

2.     As a separate and alternative affirmative defense, Harmac states that Plaintiff's request for costs of suit fails to state a claim upon which relief may be granted against Harmac.

3.      As a separate and alternative affirmative defense, Harmac states that Plaintiff may have failed to mitigate damages thereby barring or reducing recovery herein.

4.      As a separate and alternative affirmative defense, Harmac states it did not breach any duties to the Plaintiff herein, and that Plaintiff has suffered no damage, injury or otherwise, as a result of any of the alleged acts or omissions of Harmac.

5.      As a separate and alternative affirmative defense, Harmac states the alleged damages of the Plaintiff were proximately caused by the comparative negligence or fault of other individuals, entities, or parties other than Harmac, for which Harmac may not be held liable.

6.      As a separate and alternative affirmative defense, Harmac states the alleged damages to the Plaintiff, which are specifically denied, were the proximate result of an independent and intervening cause, thereby barring recovery herein by the Plaintiff against Harmac.

7.      As a separate and alternative affirmative defense, if punitive damages are claimed, Harmac states that none of the acts or failures to act of Harmac, as alleged in the Amended Complaint of the Plaintiff, and which are specifically denied, state a claim upon which relief can be granted for punitive damages.

8.      As a separate and alternative affirmative defense, Harmac states a claim for punitive damages, if any are claimed, by the Plaintiff against Harmac is barred or limited by the protections afforded to Harmac by the Constitution of the United States of America as well as the Constitution of the State of New Mexico.

9.      As a separate and alternative affirmative defense, Harmac states Plaintiff's claims may be barred by the doctrines of waiver, laches, or unclean hands.

10.     As a separate and alternative affirmative defense, Harmac states Plaintiff's injuries and damages, if any, were the result of an unavoidable accident or Act of God.

11.     As a separate and alternative affirmative defense, Harmac states these affirmative defenses are preliminary, without the benefits of all facts underlying or pertaining to Plaintiff's

claims and therefore, Harmac reserves the right to amend and assert additional affirmative defenses as discovery progresses.

WHEREFORE, having fully answered the Amended Complaint, Harmac Energy Services, LLC prays the Amended Complaint be dismissed with prejudice, the relief requested by Plaintiffs be denied, judgment be entered in favor of Harmac Energy Services, LLC, the Court award costs to Harmac Energy Services, LLC, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**PRIEST & MILLER, LLP**

*/s/Dominic B. Romero*
Ada B. Priest
Dominic B. Romero
6100 Uptown Boulevard, NE
Suite 620
Albuquerque, New Mexico 87110
505-349-2300
Ada@PriestMillerLaw.com
Dominic@PriestMillerLaw.com
*Attorneys for Harmac Energy Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY the foregoing was served on the following counsel of record electronically through the CM/ECF File and Serve system on this 2nd day of September 2022:

Jennifer Armijo Hughes
Frank V. Balderrama
Balderrama Law Firm LLC
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
(505) 916-5076
jennifer@balderramalawfirm.com
frank@balderramalawfirm.com
*Attorneys for Plaintiff*


*/s/Dominic B. Romero*
Dominic B. Romero

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**CARMEN FANNIN,**

     **Plaintiffs,**

**v.**                                                                                     **No.**

**JOHN SPENCE BARNEY, HARMAC**
**ENERGY SERVICES, LLC, and EVEREST**
**NATIONAL INSURANCE COMPANY**

     **Defendants.**

<u>**NOTICE JURY DEMAND**</u>

     Harmac Energy Services, LLC, by and through its attorneys, Priest & Miller, LLP, (Ada

B. Priest and Dominic B. Romero), hereby demands a jury of twelve (12) persons of all issues

triable to a jury in this matter.

                  Respectfully submitted,

                  **PRIEST & MILLER, LLP**

                  <u>*/s/Dominic B. Romero*</u>
                  Ada B. Priest
                  Dominic B. Romero
                  6100 Uptown Boulevard, NE
                  Suite 620
                  Albuquerque, New Mexico 87110
                  505-349-2300
                  Ada@PriestMillerLaw.com
                  Dominic@PriestMillerLaw.com
                  *Attorneys for Harmac Energy Services,*
                  *LLC*

EXHIBIT K

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY the foregoing was served on the following counsel of record electronically through the CM/ECF File and Serve system on this 2nd day of September 2022:

Jennifer Armijo Hughes
Frank V. Balderrama
Balderrama Law Firm LLC
7401 Hancock Ct. NW, Suite B
Albuquerque, NM 87109
(505) 916-5076
jennifer@balderramalawfirm.com
frank@balderramalawfirm.com
*Attorneys for Plaintiff*


*/s/Dominic B. Romero*
Dominic B. Romero

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
       Plaintiff

❏ 3  Federal Question
        *(U.S. Government Not a Party)*

❏ 2  U.S. Government
       Defendant

❏ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1  Original
       Proceeding

❏ 2  Removed from
       State Court

❏ 3  Remanded from
       Appellate Court

❏ 4  Reinstated or
       Reopened

❏ 5  Transferred from
       Another District
       *(specify)*

❏ 6  Multidistrict
       Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

❏  CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**     ❏ Yes   ❏ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

EXHIBIT L

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.