IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARMEN FANNIN,

    Plaintiff,

v.                                                  Civ. No. 22-654 GJF/GBW

JOHN SPENCE BARNEY,
*et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*.  On July 22, 2022, Plaintiff filed an Amended Complaint for Negligence, Negligence *Per Se*, Personal Injuries and Damages against Defendants John Spence Barney, Harmac Energy Services, LLC, ("Harmac"), and Everest National Insurance Company ("Everest") in the Fifth Judicial District, Eddy County, New Mexico.  *Doc. 1* at 1, 14.  Defendant Harmac filed a Notice of Removal on September 2, 2022, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See id.* at 1-2.  Defendant Harmac's Notice of Removal fails to allege sufficient facts to establish the parties' respective states of citizenship.  The Court will therefore order Defendant Harmac to show cause no later than **December 9, 2022,** why this action should not be dismissed for lack of subject matter jurisdiction.

    **I.**      **LEGAL STANDARDS**

Federal courts are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Rsrv. Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, a defendant seeking to remove a case from state court on the basis of diversity jurisdiction bears the burden of establishing that the jurisdictional prerequisites of 28 U.S.C. § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89–90 (2014); *see* 28 U.S.C. § 1332(a). Prerequisites to a court's exercise of diversity jurisdiction include that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

For purposes of § 1332's diversity of citizenship requirement, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and . . . where it has its principal place of business." *Id.* § 1332(c)(1). In the Tenth Circuit, the citizenship of a limited liability company, meanwhile, is determined by the citizenship of its members. *Lucero v. Carlsbad Med. Ctr., LLC*, No. CV 1:18-00148 WJ/LF, 2018 WL 2464493, at *2 (D.N.M. June 1, 2018) (citing *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015)); *John B. v. Boyd*, Civil No. 02-1543 WJ/RLP, 2003 WL 27385441, at *1 (D.N.M. Mar. 5, 2003) (concluding that limited liability companies

are not corporations within the meaning of § 1332(c)(1) and instead, as unincorporated associations, "share[] the citizenship of all [their] members for purposes of determining diversity jurisdiction"). Finally, the citizenship of an individual is determined by the state in which he or she is domiciled. *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

II.   **ANALYSIS**

Defendant Harmac's Notice of Removal does not sufficiently allege that complete diversity of citizenship exists among the parties. Its allegations are insufficient for three reasons. First, it identifies Plaintiff and Defendant Barney's respective states of residence rather than their states of domicile. *See doc. 1* at 1 (noting that Plaintiff alleges she was a resident of New Mexico at the time of her accident and that Defendant Barney is a resident of Texas); *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238 (stating that "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship"); *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) ("'[A]n allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship' and is 'insufficient to confer jurisdiction upon the District Court.'" (quoting *Kelleam v. Maryland Casualty Co. of Baltimore*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941))).

Second, with regard to Defendant Everest, which is a corporate Defendant, *see doc. 1* at 2, 15, the Notice solely alleges that Defendant Everest "do[es] business in and under the laws of the State of New Mexico," *id.* at 2. This allegation is insufficient

3

because it falls short of providing either of the required facts for determining a corporation's state of citizenship, namely, the state of its principal place of business and the state in which it is incorporated. *See Amini v. Enter. Leasing Rent A Car Inc.*, No. CIV 00-514 LCS, 2000 WL 36739418, at *2 (D.N.M. Nov. 15, 2000) (finding diversity jurisdiction lacking where the complaint only alleged a corporation's state of incorporation and failed to allege the state of its principal place of business).

Finally, with regard to Defendant Harmac, the Notice alleges that Harmac is a Limited Liability Company, *see doc. 1* at 2, 29, but fails to allege the state(s) of citizenship of its members. Rather, the notice alleges that Defendant Harmac is incorporated in Texas and has its principal place of business in Texas. *Id.* at 2. These allegations are insufficient to enable the Court to determine Defendant Harmac's state(s) of citizenship for purposes of diversity jurisdiction. *See Aicher v. NM Dep't of Corr.*, No. 16-CV-00914-MCA-SMV, 2016 WL 9777226, at *1 (D.N.M. Sept. 27, 2016) (finding diversity jurisdiction lacking where a notice of removal failed to allege the citizenship of all of the members of a limited liability company).

### III.   CONCLUSION

Because the Notice of Removal's allegations concerning the citizenship of each party to this case are deficient, the Court is unable to determine that the parties are diverse to each other. Therefore, the Court will require Defendant Harmac to show cause in writing **no later than December 8, 2022,** as to why the Court should not

remand the case to the Fifth Judicial District Court in Eddy County, New Mexico, for lack of diversity jurisdiction.

    **IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE