IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARMEN FANNIN,

    Plaintiff,

v.                                                                                          Civ. No. 22-654 GJF/GBW

JOHN SPENCE BARNEY,
*et al.*,

    Defendants.

## **ORDER TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte*. On July 22, 2022, Plaintiff filed an Amended Complaint for Negligence, Negligence *Per Se*, Personal Injuries and Damages against Defendants John Spence Barney, Harmac Energy Services, LLC, ("Harmac"), and Everest National Insurance Company ("Everest") in the Fifth Judicial District, Eddy County, New Mexico. *Doc. 1* at 1, 14. Defendant Harmac removed the case to federal court on September 2, 2022. *See id.* at 1-2.

    **I.**    **Failure to Serve as to Defendant John Spence Barney**

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In removed cases, removal restarts the 90-day period for any defendant unserved at the time of removal. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010). More than 90 days have elapsed since this action was removed to this Court without any indication that service has been accomplished as to Defendant Barney, for whom no proof of service had been filed at the time of removal. *See doc. 1* at 27-28. The Court will therefore require Plaintiff to show cause why her case should not be dismissed without prejudice as to Defendant Barney for failure to comply with the service and time provisions of Rule 4(m).

## II. Failure to Prosecute as to Defendant Everest National Insurance Company

In addition, Federal Rule of Civil Procedure 81(c) provides that in removed actions, "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

A. 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;

B. 21 days after being served with the summons for an initial pleading on file at the time of service; or

C. 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2). A review of the state court record indicates that Defendant Everest was served with Plaintiff's Amended Complaint no later than August 25, 2022.

*See doc. 1* at 27.  Therefore, pursuant to Rule 81(c), Defendant Everest's answer was due by September 15, 2022.  To date, Defendant Everest has not answered or otherwise responded to Plaintiff's Amended Complaint, and Plaintiff has failed to take any further action to prosecute her case against Defendant Everest.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute *sua sponte*.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  Additionally, the Court may impose sanctions for Plaintiff's failure to prosecute based on the Court's inherent power to regulate its docket and promote judicial efficiency.  *See Martinez v. Internal Revenue Serv.*, 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *See e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).  Based on Plaintiff's failure to prosecute her case, she will be required to show cause why her Amended Complaint should not be dismissed without prejudice as to Defendant Everest National Insurance Company.

### III. Conclusion

Plaintiff is HEREBY ORDERED to show cause **no later than fourteen (14) days from entry of this Order** why her Amended Complaint:

> i) should not be dismissed without prejudice as to Defendant Barney for failure to comply with the service and time provisions of Rule 4(m); and

      ii) should not be dismissed without prejudice as to Defendant Everest National Insurance Company due to her failure to prosecute.

Failure to respond to his Order shall constitute an independent basis for dismissal.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE